1
2
3
4
5
6
7
8
9
10
11
12

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THE NECK HAMMOCK, INC., a Delaware corporation,<br><br>      Plaintiff,<br><br>vs.<br><br>DFO Global Performance Commerce Limited, a Nevada limited liability company, STRONG CURRENT ENTERPRISES, LIMITED, a business entity of unknown registration, HEALTH AND SOLE, a business entity of unknown registration, and THINK TECH ENTERPRISES, LTD, a business entity of unknown registration, and JOHN DOES 1-10,<br><br>      Defendants. | **Case No: 2:20-cv-000222-RCJ-NJK**<br><br>**STIPULATION FOR ENTRY OF STIPULATED PERMANENT INJUNCTION** |

1

IT IS HEREBY STIPULATED by and between The Neck Hammock, Inc. ("Plaintiff" or "Neck Hammock") and Defendants DFO Global Performance Limited; Strong Current Enterprises, Limited; Health and Sole; and Think Tech Enterprises, Ltd. ("Defendants"), via their respective undersigned counsel, that:

1.    Plaintiff and Defendants have settled the above-styled litigation pursuant to the terms and conditions of an executed Settlement Agreement.

2.    As part of the executed Settlement Agreement, the Defendants consent to the entry of a Stipulated Permanent Injunction in favor of Neck Hammock and against Defendants in the form of the Stipulated Permanent Injunction attached hereto as Exhibit A ("Stipulated Permanent Injunction").

3.    Each party shall bear its own costs, attorney fees, and expenses incurred in connection with the claims dismissed by the Stipulated Injunction.

4.    Neck Hammock's claims against the supplier(s) who sold the Subject Products to the Defendants are not part of the Settlement Agreement.

5.    After entry of the Stipulated Permanent Injunction in favor of Neck Hammock and against Defendants, the parties intend to file a stipulation of voluntary dismissal pursuant to FRCP 41(a)(1)(A)(ii), which shall effectuate dismissal Plaintiff's claims against Defendants with prejudice.

Dated this 29th day of July, 2020.

Respectfully submitted,

/ / /

1

By: /s/ Lucy Crow                    By: /s/ James D. Boyle

2

MARK J. CONNOT, ESQ.                 JAMES D. BOYLE, ESQ.
Nevada Bar No. 10010                 Nevada Bar No. 08384

3

LUCY CROW, ESQ.                      Email: jboyle@nevadafirm.com
Nevada Bar No. 15203                 JESSICA M. LUJAN, ESQ.

4

mconnot@foxrothschild.com            Nevada Bar No. 14913
lcrow@foxrothschild.com              Email: jlujan@nevadafirm.com

5

FOX ROTHSCHILD LLP                   HOLLEY DRIGGS
1980 Festival Plaza Drive, Suite 700 400 South Fourth Street, Third Floor

6

Las Vegas, Nevada 89135              Las Vegas, Nevada 89101
Telephone: (702) 262-6899            Telephone:  (702) 791-0308

7

Facsimile: (702) 597-5503            Facsimile:  (702) 791-1912
*Attorneys for Defendants*

8

                                     Brian N. Platt (*pro hac vice*)
                                     WORKMAN NYDEGGER

9

                                     60 East South Temple Suite 1000
                                     Salt Lake City, Utah 84111

10

                                     Telephone: (801) 533-9800
                                     Facsimile: (801) 328-1707

11

                                     Email: bplatt@wnlaw.com
                                     *Attorneys for Plaintiffs*

12

13

14

15                                   **ORDER**

16          IT IS SO ORDERED.

17                                   _____

18                                   UNITED STATES DISTRICT JUDGE

19                                   DATED this _ 11th day of August, 2020.

20

21

22

23

24

# EXHIBIT A

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THE NECK HAMMOCK, INC., a Delaware corporation,<br><br>          Plaintiff,<br><br>vs.<br><br>DFO Global Performance Commerce Limited, a Nevada limited liability company, STRONG CURRENT ENTERPRISES, LIMITED, a business entity of unknown registration, HEALTH AND SOLE, a business entity of unknown registration, and THINK TECH ENTERPRISES, LTD, a business entity of unknown registration, and JOHN DOES 1-10,<br><br>          Defendants. | Case No: 2:20-cv-000222-RCJ-NJK<br><br>**[PROPOSED] STIPULATED PERMANENT INJUNCTION AGAINST DFO GLOBAL PERFORMANCE COMMERCE LIMITED, STRONG CURRENT ENTERPRISES, LIMITED, HEALTH AND SOLE, AND THINK TECH ENTERPRISES, LTD,** |

On this day, the Court considered the parties' Stipulation for Entry of a Stipulated Permanent Injunction. After consideration of the stipulation, and for good cause shown, the court makes the following findings of fact and conclusions of law:

1.      Plaintiff THE NECK HAMMOCK, INC. ("NH") is a Delaware corporation with a principal place of business at 830 Hill Street, Apt. E, Santa Monica, California, 90405.

2.      Defendant DFO GLOBAL PERFORMANCE COMMERCE LIMITED is a Nevada corporation with business address at 260 West 39th Street, Suite 202, Manhattan, New York, 10018, Defendant STRONG CURRENT ENTERPRISES LIMITED is a Hong Kong Private Limited Company with business address at Rm 2201 22/F Chinachem Century Tower, 178 Gloucester Road, Wan Chai, Hong Kong, Defendant THINK TECH SALES LIMITED dba HEALTH AND SOLE is a Hong Kong Private Limited Company with business address at Flat/Rm

709B, 7/F, Opulent Building, 402-6 Hennessy Road, Wan Chai, Hong Kong (collectively referred to herein as "Defendants").

3.     NecKomfort products (the "Subject Products") were previously available at the following URLs including https://www.buyneckomfort.com/, https://www.buyneckomfort.com/en/pre-1b.html, https://www.healthandsole.com/, and https://discounts-usa.com/lp/neckhammock.html, as depicted below:



Neck Hammock



## PERMANENT INJUNCTION

4.     Defendants, their officers, agents, servants, employees, and all persons acting in active concert or participation with them who receive actual notice of this injunction by personal service or otherwise, are hereby permanently enjoined as follows:

a.     Defendants are enjoined from using any of the NH Trademarks, United States Trademark Registration Nos. 5,626,795; 5,439,768; 5,557,079, or any confusingly similar mark, in connection with any product, packaging, product listing, domain name, business name, or any other form of product identification.

b.     Defendants are enjoined from producing, reproducing, distributing, copying, or using any graphic or pictorial representation protected by the NH Copyright, United

States Copyright Registration No. VA 2-090-260, or any substantially similar variation thereof, in connection with any product, packaging, product listing, or any other product sale.

        c.     Defendants are enjoined from making, having made, using, selling, advertising, manufacturing, importing, or distributing the Subject Products, or any substantial imitation thereof, which infringes any of the NH Patents, U.S. Patents: 10,307,284; D824,035; D845,492; and D845,494; until the last of the NH Patents expires or is no longer in force.

        d.     Defendants are required to remove and/or immediately destroy all internet advertising and promotional materials within the direct control of Defendants, if any, whether such materials are in print, electronic, or other media that contain the NH Trademarks or NH Copyrights.

     5.     All parties shall bear their respective attorneys' fees and costs. The terms of the Settlement Agreement between the parties and this Judgment are to be construed together.

     6.     The Court shall maintain jurisdiction over this action for purposes of enforcement of this Permanent Injunction and the Settlement Agreement between NH and Defendants.

### ORDER

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

DATED this _____ day of _____, 2020.